## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| STEPHEN WAYNE NORWOOD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CIV-05-1317-HE |
| | ) | |
| UNKNOWN OFFICERS, | ) | |
| FEDERAL TRANSFER CENTER, | ) | |
| | ) | |
| Defendants. | ) | |

### REPORT AND RECOMMENDATION

Plaintiff, appearing *pro se*, has brought this action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging the violations of certain constitutional rights.[1]   The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).  The undersigned has conducted an initial review as required by 28 U.S.C. § 1915A.  Based on that review, the undersigned finds that Plaintiff has failed to administratively exhaust his *Bivens* claims as required by 42 U.S.C. § 1997e(a).  It is therefore recommended that the complaint be dismissed upon filing and that the dismissal count as one "strike" pursuant to 28 U.S.C. § 1915(g).

In his complaint, Plaintiff alleges that on December 27, 2005, two unidentified officers at the Federal Transfer Center (FTC) in Oklahoma City, Oklahoma, entered his cell and attacked him, acting pursuant to a captain's orders.  Complaint at 3.  Plaintiff

---

[1]Plaintiff actually purports to bring this action pursuant to 42 U.S.C. § 1983, but Plaintiff has sued unidentified federal employees for damages in their individual capacities.  Thus, the action is construed as a *Bivens* action.  *See Bivens*, *supra* (recognizing existence of federal cause of action for damages where a federal agent acting under color of federal authority violates a cognizable constitutional right).

alleges that he suffered injuries to his face, a broken tooth, and a severely strained back as a result of the attack. *Id.* at 4. Plaintiff further alleges that he was struck with a blunt object that possibly injured a rib. *Id.* According to Plaintiff, he was handcuffed tightly, placed in a submission hold, marched downstairs where he was placed in another submission hold, and then he was taken to the special housing unit. *Id.* Plaintiff seeks monetary damages and "prosecution of violators of law." *Id.*

I. Screening Requirement

Pursuant to 28 U.S.C. § 1915A(a), the Court is under obligation to review as soon as practicable, a complaint filed by a prisoner seeking redress from a governmental entity, officer or employee of a governmental entity. This statute further provides that upon such review, the Court shall dismiss any complaint, or any portion thereof, which "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Also, as Plaintiff's claims involve a civil action "brought with respect to prison conditions," screening is necessary under the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(c)(1), which provides:

> The court shall . . . dismiss any action brought with respect to prison conditions under section 1983 . . . or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action . . . fails to state a claim upon which relief can be granted . . . .

For the reasons set forth below, the undersigned recommends dismissal of this action for failure to state a claim upon which relief can be granted. In particular, Plaintiff

has failed to show exhaustion of administrative remedies, which is an essential element of his *Bivens* claim.

II.  Exhaustion of Administrative Remedies

The PLRA, 42 U.S.C. § 1997e(a), mandates that:

"No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

The United States Supreme Court has found that the mandate of Congress is clear: exhaustion is <u>required</u>.  *Porter v. Nussle*, 534 U.S. 516, 524 (2002).  Moreover, the provision applies "to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Id.* at 532.  *See also Booth v. Churner*, 532 U.S. 731 (2001).  Even where the "available" remedies would appear to be futile with respect to providing the kind of remedy sought, the prisoner must exhaust those remedies.  *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (citing *Booth*, 532 U.S. at 740).

The Tenth Circuit Court of Appeals has found that exhaustion under § 1997e(a) is not an affirmative defense to be raised and proven by a defendant; rather, § 1997e(a) "imposes a pleading requirement on the prisoner."  *Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1209-10 (10th Cir. 2003), *cert. denied,* 543 U.S. 925 (2004).  As the Tenth Circuit explained: "To ensure compliance with the statute, a prisoner must provide a comprehensible statement of his claim and also either attach copies of administrative proceedings or describe their disposition with specificity."  *Id.* at 1211.

In order to exhaust his administrative claims, a federal prisoner must "seek formal review of an issue which relates to any aspect of" his imprisonment. 28 C.F.R. § 542.10. First, the inmate must submit his complaint, using a Form BP-9, to the prison staff. *Id.* § 542.14. If he is dissatisfied with the response at that level, he must appeal to the Regional Director of the Bureau of Prisons, using Form BP-10. *Id.* § 542.15(a). Finally, the inmate must file a final administrative appeal to the General Counsel, using Form BP-11. *Id.*

On the section of the complaint form eliciting information about exhaustion, Plaintiff affirmatively indicated that he had not exhausted his administrative remedies. Complaint at 3. Based on this information, the Court directed Plaintiff to show cause why the action should not be dismissed for his failure to allege and demonstrate that he had exhausted his administrative remedies with respect to the claims raised in his complaint. In his response, Plaintiff does not allege that he has exhausted the administrative remedies available under the BOP administrative remedy program. Doc. No. 20 ("Response"). Rather, he states that shortly after the incident occurred, he was transferred to another federal prison facility in Texas and later to the Texas Department of Criminal Justice. *Id.* at 2. Plaintiff claims the state administrative grievance process offers no remedy for incidents that occur within a federal prison. *Id.* However, Plaintiff's claim that the state prison facility where he is currently incarcerated has no available remedy for his allegations concerning an incident that occurred at the FTC, a federal prison facility, has no bearing on whether Plaintiff has taken any steps to comply with the BOP administrative procedure.

Plaintiff appears to argue alternatively that he should not be required to comply with the BOP administrative remedy process because he was not in the "custody" of the BOP for service of his federal sentence on the date of the incident.  Response at 2.[2] This argument also fails.  Plaintiff does not deny that he was incarcerated at the FTC on  the date of the incident or that he is attempting to bring a civil rights action against unidentified BOP officers concerning the action taken while he was in the FTC prison facility on December 27, 2005.  Plaintiff cites no legal authority to support his theory that he should be excused from the § 1997e(a) exhaustion requirement because he was mistakenly being held in federal custody at FTC.

Exhaustion of administrative remedies is clearly required as a prerequisite to filing suit in a *Bivens* action brought by a prisoner, and the Tenth Circuit has reinforced this point.  42 U.S.C. § 1997e(a); *Steele*, 355 F.3d at 1209; *see also Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir.  2002) ("The [PLRA], 42 U.S.C. § 1997e(a), requires that 'available' administrative remedies be exhausted prior to filing an action with respect to prison conditions under § 1983.").

It is undisputed that Plaintiff failed to exhaust the administrative remedy process available through the BOP Administrative Remedy Program prior to bringing the *Bivens* claims raised in the instant complaint.  The Supreme Court has refused to "'read futility or other exceptions into'" the § 1997e(a) exhaustion requirement. *Yousef v. Reno*, 254

---

[2]Plaintiff attaches what purports to be a copy of an attachment to a memorandum dated October 6, 2004, from a BOP official explaining that Plaintiff was convicted of federal charges in the United States District Court for the North District of Texas, and following sentencing, Plaintiff was mistakenly delivered into the custody of the United States Marshals Service rather than back to his primary custodian, the State of Texas, for service of a state sentence.  *Id.*

F.3d 1214, 1221 (10th Cir. 2001) (quoting *Booth*, 532 U.S. at 741 n.6).[3] None of the arguments raised by Plaintiff excuse the exhaustion requirement. Therefore, the undersigned finds that Plaintiff has failed to meet his burden showing that he complied with the PLRA exhaustion requirement prior to filing the instant complaint. Accordingly, it is recommended that Plaintiff's *Bivens* complaint be dismissed without prejudice for lack of exhaustion of administrative remedies.

### RECOMMENDATION

For the reasons set forth above, it is recommended that Plaintiff's *Bivens* complaint be dismissed upon filing without prejudice for failure to exhaust his administrative remedies as required by 42 U.S.C. §1997e(a). Additionally, if this recommendation is adopted, it is recommended that Plaintiff be assigned one "strike" pursuant to 28 U.S.C. § 1915(g), following appeal or waiver of the right to appeal. *Steele*, 355 F.3d at 1213 (A dismissal based on lack of exhaustion "may constitute a strike for purposes of 28 U.S.C. § 1915(g)").[4] Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by the 9th day of March, 2006, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein. *Moore v. United*

---

[3]Although it is possible that Plaintiff has procedurally defaulted his unexhausted claims, any finding or recommendation regarding procedural default of administrative remedies would be premature at this point as it appears that the BOP can grant an extension upon a showing of certain circumstances. *See* 28 C.F.R. § 542.14(a) and (b).

[4]A district court dismissal should count as a "prior occasion" only after Plaintiff has exhausted or waived his right to appeal. *See Jennings v. Natrona County Detention Center Medical Facility*, 175 F.3d 775, 780 (10th Cir. 1999).

*States*, 950 F.2d 656 (10th Cir. 1991).  This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 17th day of February, 2006.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE